IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WILLIAM C. SCHNUTE; MAN-NA NANCY KUO; KENNETH SHIM; NANCY LEE O'KEEFE; and JOHN PAUL O'KEEFE,<br><br>          Plaintiffs,<br><br>          vs.<br><br>PNC BANK, N.A.; MICHAEL ALAN TORRE; MECHELLE ANTOINETTE TORRE; MOANI AKANA; KEVIN K. MEDEIROS; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC.; HOMESTREET BANK; and DOE DEFENDANTS 1-50,<br><br>          Defendants. | Civ. No. 19-00022 SOM-WRP<br><br>ORDER REJECTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO DENY PLAINTIFFS' MOTION TO REMAND AND REMANDING ACTION TO STATE COURT |

**ORDER REJECTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO DENY PLAINTIFFS' MOTION TO REMAND AND REMANDING ACTION TO STATE COURT**

I.          **INTRODUCTION.**

          Plaintiffs William C. Schnute, Man-Na Nancy Kuo,
Kenneth Shim, Nancy Lee O'Keefe, and John Paul O'Keefe
(collectively, "Plaintiffs") owned real property on the Big
Island.  They defaulted on their mortgage loans, and their
lender, Defendant PNC Bank, N.A. ("PNC"), commenced nonjudicial
foreclosure proceedings.  Following completion of the
foreclosures, Plaintiffs sued PNC in state court, asserting that
PNC wrongfully foreclosed, and that PNC committed unfair and
deceptive trade practices and unfair methods of competition.
ECF No. 1-3, PageID #s 89-105.

Plaintiffs also asserted a third claim of quiet title and ejectment against the subsequent purchasers of the properties and their lienholders: Defendants Michael Alan Torre, Mechelle Antoinette Torre, Moani Akana, and Kevin K. Medeiros (collectively, "Individual Defendants"), as well as Defendants Mortgage Electronic Registration Systems Inc. ("MERS") and Homestreet Bank. *See id.* at 105-13. The court refers to the parties sued under the quiet title and ejectment claim collectively as the "Count III Defendants."

Although Plaintiffs and the Individual Defendants are citizens of Hawaii and California, meaning that complete diversity is lacking, PNC removed the case to this court, arguing that the Count III Defendants were fraudulently joined because Plaintiffs may not assert a quiet title and ejectment claim against bona fide purchasers of the properties. ECF No. 1. Plaintiffs seek a remand of the case. ECF No. 13. The Magistrate Judge issued his Findings & Recommendations ("F&R"), concluding that the Count III Defendants were fraudulently joined and recommending that, given the existence of diversity if the Individual Defendants are disregarded, this court deny Plaintiffs' motion to remand. ECF No. 28. Plaintiffs now object to the F&R. ECF No. 29.

Having reviewed the F&R in light of Plaintiffs' objections, this court concludes that PNC has not established

under settled Hawaii law that the Count III Defendants were
fraudulently joined.  A state court could possibly determine
that Plaintiffs may proceed against the Count III Defendants.
As a result, this court grants Plaintiffs' motion to remand this
case to state court.

II.      **BACKGROUND.**

For the purposes of this order, the court adopts the
F&R's background section as setting forth the relevant facts.
Neither party has raised any objection related to that section.
The F&R's background section states:

> The Court recites only those background
> facts necessary for disposition of the
> current Motion.  Plaintiffs obtained
> mortgages from Defendant PNC or its
> predecessor, which were secured by three
> properties located in Hawaii.  ECF No. 1-3
> ¶¶ 27-34.  Defendant PNC commenced non-
> judicial foreclosure proceedings against the
> three properties pursuant to the power of
> sale provision in the mortgage agreements at
> issue.  *Id.* ¶ 35.  For purposes of this
> Motion, the Court refers to the three
> properties at issue based on the Plaintiffs
> that are associated with each property: the
> Schnute/Kuo Property, the Shim Property[1],
> and the O'Keefe Property.
> []
> Following the non-judicial foreclosure,
> the Schnute/Kuo Property was transferred
> from Defendant PNC to itself by quitclaim
> deed and then transferred to [the Torres] by
> special warranty apartment deed.  *Id.* ¶¶ 79-

---

[1] At the hearing on July 15, 2019, the parties said that they are
trying to resolve the claim involving the Shim Property,
separate from any ruling on Plaintiffs' motion to remand.  As
the matter is still being negotiated, that claim remains before
this court.

80.  The Shim Property was transferred from
Defendant PNC to itself by quitclaim deed
and then transferred to [Akana and Medeiros]
by limited warranty deed.  *Id.* ¶¶ 97-98.
[Akana and Medeiros] have a mortgage on the
Shim Property with Defendant MERS as nominee
for Defendant Homestreet Bank.  *Id.* ¶ 107.
Plaintiffs do not assert a quiet title and
ejectment claim regarding the O'Keefe
Property.  However, it appears that
Plaintiffs may assert such a claim in the
future after they receive "appellate
clarification" regarding the applicable
statute of limitations.  *Id.* at 21 n.1.

Plaintiffs' First Amended Complaint
asserts two claims against Defendant PNC:
violations of state law governing non-
judicial residential foreclosures (Count I);
and violations of Hawaii Revised Statutes
Chapter 480 for unfair and deceptive
trade practices related to the non-judicial
foreclosures (Count II).  ECF No. 1-3.
Plaintiffs also assert a claim for quiet
title and ejectment against the Individual
Defendants and Defendants Homestreet Bank
and MERS (Count III).  *Id.*

Defendant PNC removed this action on
January 16, 2019.  ECF No. 1.  In the
present Motion, Plaintiffs argue that remand
is appropriate because the Court lacks
subject matter jurisdiction.  Specifically,
Plaintiffs contend that complete diversity
is lacking because Plaintiffs and the
Individual Defendants are citizens of the
same states.  Defendant PNC argues that the
Individual Defendants, Defendant Homestreet
Bank, and Defendant MERS were fraudulently
joined as sham defendants to defeat
jurisdiction and, therefore, jurisdiction is
proper in federal court.

ECF No. 28, PageID #s 568-70.

III.     **APPLICABLE LEGAL STANDARDS.**

     A.     **Review of Magistrate Judge's Findings and Recommendations.**

     Congress has empowered magistrate judges, upon referral of dispositive pretrial motions by district judges, to conduct hearings and issue findings and recommendations regarding dispositive pretrial motions. *See* 28 U.S.C. § 636(b)(1)(B); *see also* Fed. R. Civ. P. 72(b) (promulgating rule).

     A district judge reviews a magistrate judge's findings and recommendations prior to ruling on the motion, and may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge. Fed. R. Civ. P. 72(b). If a party timely objects to portions of the findings and recommendations, the district judge reviews those portions of the findings and recommendations de novo. Fed. R. Civ. P. 72(b)(3); Local Rule 74.2. The district judge may consider the record developed before the magistrate judge. Local Rule 74.2. The district judge also has discretion to receive further evidence. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Rule 74.2; *see also United States v. Raddatz*, 447 U.S. 667, 676 (1980) (explaining that a district judge has wide discretion in deciding whether to allow new evidence). The de novo standard requires the district court to consider a matter anew and arrive at its own independent conclusions, but a de

novo hearing is not ordinarily required. *See United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989); *United States v. Boulware*, 350 F. Supp. 2d 837, 841 (D. Haw. 2004); Local Rule 74.2.

The district judge may accept the portions of the findings and recommendations to which the parties have not objected as long as it is satisfied that there is no clear error on the face of the record. *See United States v. Bright*, Civ. No. 07-00311 ACK/KSC, 2009 WL 5064355, at *3 (D. Haw. Dec. 23, 2009); *Stow v. Murashige*, 288 F. Supp. 2d 1122, 1127 (D. Haw. 2003); Fed. R. Civ. P. 72(b) advisory committee's note.

## B.  Removal Jurisdiction.

Plaintiffs filed this case in state court, and PNC removed to this court shortly thereafter.  Under 28 U.S.C. § 1441, a defendant may remove a civil action brought in a state court to federal district court if the district court has original jurisdiction.  *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).  This means that a defendant may remove an action based on federal question jurisdiction or diversity jurisdiction.  *Id.*  The removal statute is strictly construed against removal.  *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009).  "The 'strong presumption' against removal jurisdiction means that 'the defendant always has the burden of establishing that

removal is proper,' and that the court resolves all ambiguity in favor of remand to state court." *Hunter*, 582 F.3d at 1042 (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam)).

## C. Diversity Jurisdiction.

PNC asserts diversity jurisdiction as the basis for removal. Diversity jurisdiction exists when the amount in controversy exceeds $75,000, exclusive of interest and costs, and the matter in controversy is between citizens of different states. 28 U.S.C. § 1332(a)(1). Complete diversity of citizenship requires that "each defendant must be a citizen of a different state from each plaintiff." *In re Digimarc Corp. Derivative Litig.*, 549 F.3d 1223, 1234 (9th Cir. 2008). Removal based on diversity jurisdiction is not allowed "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). In other words, "[d]efendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005).

The parties acknowledge that complete diversity exists between Plaintiffs and PNC. The First Amended Complaint ("Complaint") alleges that some Plaintiffs (Schnute and Kuo) and

Individual Defendants (the Torres) are residents of California and that the remaining Plaintiffs (Shim and the O'Keefes) and Individual Defendants (Akana and Medeiros) are residents of Hawaii. ECF No. 1-3, PageID # 86-87. Therefore, this court lacks diversity jurisdiction unless the Individual Defendants were fraudulently joined.[2]

### D. Fraudulent Joinder.

"A defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a 'heavy burden' since there is a 'general presumption against finding fraudulent joinder.'" *Grancare, LLC v. Thrower By & Through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (quoting *Hunter*, 582 F.3d at 1046) (brackets omitted). "[T]here are 'two ways to establish improper joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Hunter*, 582 F.3d at 1044 (quoting *Smallwood v. Illinois Cent. R.R.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc)) (some quotation marks omitted). PNC argues that the second way applies here.

---

[2] The citizenship of MERS and Homestreet Bank is unstated. Given the court's determination that the Count III Defendants were not fraudulently joined, a determination of the citizenship of either MERS or Homestreet Bank is unnecessary.

Fraudulent joinder "is established the second way if a defendant shows that an 'individual joined in the action cannot be liable on any theory.'" *Grancare*, 889 F.3d at 548 (quoting *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998)) (brackets omitted). "But 'if there is a *possibility* that a state court would find that the complaint states a case of action against any of the [non-diverse] defendants, the federal court must find that the joinder was proper and remand the case to the state court.'" *Id.* (quoting *Hunter*, 582 F.3d at 1046). "The failure to state a cause of action against a non-diverse defendant must be 'obvious according to the settled rules of the state.'" *Penny v. PNC Bank, N.A.*, Civ. No. 19-00006 JMS-KJM, 2019 WL 2234056, at *3 (D. Haw. May 23, 2019) (quoting *Hamilton Materials Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007)).

Although "the fraudulent joinder standard shares some similarities with the analysis under Rule 12(b)(6)," the standards "are not equivalent." *Grancare*, 889 F.3d at 549. "A claim against a defendant may fail under Rule 12(b)(6), but that defendant has not necessarily been fraudulently joined." *Id.* The Ninth Circuit has explained:

> A standard that equates fraudulent joinder with Rule 12(b)(6) conflates a jurisdictional inquiry with an adjudication on the merits. Because the purpose of the fraudulent joinder doctrine is to allow a determination whether the district court has

9

subject matter jurisdiction, the standard is
similar to the "wholly insubstantial and
frivolous" standard for dismissing claims
under Rule 12(b)(1) for lack of federal
question jurisdiction. *Bell v. Hood*, 327
U.S. 678, 682–83, 66 S.Ct. 773, 90 L.Ed. 939
(1946); *Franklin v. Murphy*, 745 F.2d 1221,
1227 n.6 (9th Cir. 1984) ("A paid complaint
that is 'obviously frivolous' does not
confer federal subject matter
jurisdiction."). The relative stringency of
the standard accords with the presumption
against removal jurisdiction, under which we
"strictly construe the removal statute," and
reject federal jurisdiction "if there is any
doubt as to the right of removal in the
first instance." *Gaus v. Miles, Inc.*, 980
F.2d 564, 566 (9th Cir. 1992) (per curiam).

*Id.*

 "Fraudulent joinder must be proven by clear and

convincing evidence." *Hamilton Materials*, 494 F.3d at 1206

(citation omitted). Removing defendants may "present the facts

showing the joinder to be fraudulent." *Ritchey*, 139 F.3d at

1318 (quoting *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339

(9th Cir. 1987)); *see also Morris v. Princess Cruises, Inc.*, 236

F.3d 1061, 1068 (9th Cir. 2001) ("[F]raudulent joinder claims

may be resolved by 'piercing the pleadings' and considering

summary judgment-type evidence such as affidavits and deposition

testimony." (quoting *Cavallini v. State Farm Mut. Auto Ins. Co.*,

44 F.3d 256, 263 (5th Cir. 1995))).

IV.     ANALYSIS.

        A.     **This Action Is Not Properly in This Court Based
               on Fraudulent Joinder.**

        Plaintiffs object to the Magistrate Judge's conclusion
that the Count III Defendants were fraudulently joined and the
Magistrate Judge's recommendation that this court deny
Plaintiffs' motion to remand.  ECF No. 28, PageID #s 575-81.

        At the outset, the court emphasizes PNC's heavy burden
of demonstrating that removal is proper.  There is a strong
presumption against both removal and finding fraudulent joinder.
This court is required to find that joinder was proper and to
remand the case to state court "if there is a *possibility*" that
a state court would find that the Complaint states a claim
against the Count III Defendants.  *See Grancare*, 889 F.3d at
548.  The Hawaii Supreme Court has rejected the *Iqbal/Twombly*
plausibility pleading standard.  Instead, a more relaxed
"notice" pleading standard applies in state courts under which
"a complaint should not be dismissed for failure to state a
claim unless it appears beyond doubt that the plaintiff can
prove no set of facts in support of his claim which would
entitle him to relief."  *Bank of Am., N.A. v. Reyes-Toledo*, 143
Haw. 249, 252, 258 428 P.3d 761, 764 (2018).  Further, the Ninth
Circuit has "declined to uphold fraudulent joinder rulings where
a defendant raises a defense that requires a searching inquiry
into the merits of the plaintiff's case, even if that defense,

11

if successful, would prove fatal." *Grancare*, 889 F.3d at 548-49.

Recently, three other district judges in this district have addressed this fraudulent joinder issue in nearly identical cases brought by the same counsel. *See Azad v. PNC Bank, N.A.*, Civ. No. 19-00035 JAO-KJM, 2019 WL 2913977 (D. Haw. Jul. 8, 2019); *Copeland v. PNC Bank, N.A.*, Civ No. 19-00029 JAO-WRP, 2019 WL 2713233 (D. Haw. Jun. 28, 2019); *Penny v. PNC Bank, N.A.*, Civ No. 19-00006 JMS-KJM, 2019 WL 2234056 (D. Haw. May 23, 2019); *Carpenter v. PNC Bank, N.A.*, Civ. No. 19-00056 LEK-RT, 2019 WL 2218983 (D. Haw. May 22, 2019). The three judges have all remanded their cases to state court. Consistent with these other cases, this court determines that remand is appropriate.

In addition to seeking damages against PNC for what Plaintiffs say were wrongful foreclosures, Plaintiffs seek the return of title and possession of the properties. *See* ECF No. 1-3, PageID #s 113-14. *Penny* provides a helpful summary of the logic underlying Plaintiffs' quiet title and ejectment claim against the Count III Defendants:

> (1) the wrongful foreclosure renders subsequent transfers of the property "void" (or at least "voidable");
>
> (2) if the transfers are truly "void," then they cannot pass good title (and current mortgagees have invalid mortgages); or
>
> (3) if the transfers are only "voidable," a prior owner who suffered the wrongful

foreclosure would still have superior title, unless a subsequent buyer could prove that it was an innocent or "bona fide purchaser;" where

(4) a "bona fide purchaser" is "one who, by an honest contract or agreement, purchases property or acquires an interest therein, without knowledge, or means of knowledge sufficient to charge him in law with knowledge, of any infirmity in the title of the seller," *Bank of N.Y. Mellon v. R. Onaga, Inc.*, 140 Haw. 358, 367 n.13, 400 P.3d 559, 568 n.13 (2017) (quoting *Ka'u Agribusiness Co. v. Heirs or Assigns of Ahulau*, 105 Haw. 182, 193, 95 P.3d 613, 624 (2004)); and where

(5) the current owners are not bona fide purchasers because they had "knowledge" of the alleged defects in the title--either through "constructive notice" ("record notice" or "inquiry notice"), or actual notice.

2019 WL 2234056, at *4 (footnote omitted); *see also* ECF No. 13-1.

PNC argues that the Count III Defendants are bona fide or innocent purchasers who are protected from ejectment claims regardless of whether the foreclosure is characterized as "void" or "voidable." ECF No. 1, PageID #s 9-13; ECF No. 26, PageID #s 466-81.

The threshold issue is whether settled Hawaii law precludes Plaintiffs' quiet title and ejectment claim or whether it is possible that a state court would find that Plaintiffs state a claim against the Count III Defendants.

Under Hawaii law, "[w]here it is determined that the nonjudicial foreclosure of a property is wrongful, the sale of the property is invalid and voidable at the election of the mortgagor, who shall then regain title to and possession of the property." *Santiago v. Tanaka*, 137 Haw. 137, 158, 366 P.3d 612, 633 (2016). When a "property has passed into the hands of an innocent purchaser for value, rendering the voiding of a foreclosure sale impracticable, an action at law for damages is generally the appropriate remedy." *Mount v. Apao*, 139 Haw. 167, 180, 384 P.3d 1268, 1281 (2016) (citing *Santiago*, 137 Haw. at 158, 366 P.3d at 633).

A bona fide purchaser is "one who, by an honest contract or agreement, purchases property or acquires an interest therein, without knowledge, or means of knowledge sufficient to charge him in law with knowledge, of any infirmity in the title of the seller." *Bank of New York Mellon v. R. Onaga, Inc.*, 140 Haw. 358, 367 n.13, 400 P.3d 559, 568 n.13 (2017) (quotation omitted); *see also Kondaur Capital Corp. v. Matsuyoshi*, 136 Haw. 227, 240 n.27, 361 P.3d 454, 467 n.27 (2015). By contrast, a "non-bona fide purchaser is one who does not pay adequate consideration, 'takes with knowledge that his transferor acquired title by fraud, or buys registered land with full notice of the fact that it is in litigation between the transferor and a third party.'" *Kondaur*, 136 Haw. at 240 n.27,

14

361 P.3d at 467 n.27 (quoting *Akagi v. Oshita*, 33 Haw. 343, 347 (1935); *Achiles v. Cajigal*, 39 Haw. 493, 499 (1952)) (alterations omitted).

The Complaint alleges that the Individual Defendants are not bona fide purchasers because the defects in title were "apparent from the chain of title on record at the Bureau of Conveyances." ECF No. 1-3, PageID # 107. The Complaint alleges that the Individual Defendants had "constructive notice of the publicly recorded documents in their chain of title, including the recorded Foreclosure Affidavit, the terms of sale in the recorded Notice of Sale and, further, had constructive if not actual notice that PNC had acquired its putative title from itself, having purported to purchase the Property at *its own* foreclosure sale." *Id.* at 107-08, 111. The Complaint concludes that the Individual Defendants therefore "knew or reasonably should have known that there was a break in the chain of title," which "mean[s] that [the Individual Defendants] knew their title was only valid if the foreclosure was valid." *Id.*

The Magistrate Judge determined that the Complaint's allegations of constructive notice based on the alleged defects in the recorded documents were insufficient to state a claim against the Individual Defendants. The F&R states that, to state a claim for quiet title under Hawaii law, "Plaintiffs must plausibly allege that the Individual Defendants are non-bona

fide purchasers." ECF No. 28, PageID #s 574-75. In reaching this conclusion, the Magistrate Judge relied on cases from this district court.

The federal district court cases cited by the Magistrate Judge do not apply the standards in issue here:

> The present dispute is not governed by the standards against which the district judges evaluated the plaintiffs' claims in those cases. *See, e.g., Seegers v. CIT Bank N.A.*, No. CV 17-00399 LEK-KSC, 2018 WL 1558550, at *7-9 (D. Haw. Feb. 28, 2018) (dismissing quiet title claim for failing to *plausibly* state a claim under *Iqbal* because the plaintiff did not allege that the current owners were non-bona fide purchasers, *but granting leave to amend*); *Paresa v. HSBC Bank USA, N.A.*, No. CV 17-00248 DKW-RLP, 2018 WL 4265157, at *4-6 (D. Haw. Sept. 6, 2018) (granting *summary judgment* because the plaintiff failed to establish the basic elements of a quiet title claim); *Tilley v. Bank of New York Mellon*, No. CV 17-00524 HG-RLP, 2018 WL 1415171, at *13-14 (D. Haw. Mar. 21, 2018) (granting *judgment on the pleadings* as to the issue of whether the intervening defendant was a non-bona fide purchaser); *Lynch v. Bank of New York Mellon*, Civ. No. 17-00195 LEK-RLP, 2017 WL 3568667, at *4-5 (D. Haw. Aug. 15, 2017) ("Lynch I") (dismissing quiet title claim because the plaintiffs failed to state a plausible claim for relief by merely concluding that the defendants were not bona fide purchasers, but *granting leave to amend*).

*Copeland*, 2019 WL 2713233, at *6 n.6.

PNC has not met its heavy burden of establishing that, under settled Hawaii law, Plaintiffs' quiet title and ejectment claim "obvious[ly]" fails. *See Hamilton Materials*, 494 F.3d at

16

1206.  PNC has not identified any Hawaii law negating the concept that constructive notice of a foreclosure defect or break in title flows from the recording of a Notice of Sale or Foreclosure Affidavit.  Bona fide purchaser status may also be an affirmative defense, and the court refrains from assessing the merits of a defense as part of its fraudulent joinder analysis.  *See Lynch v. Bank of New York Mellon*, Civ. No. 17-00195 LEK-RLP, 2018 WL 3624969, at *7 (D. Haw. Jul. 30, 2019) ("Lynch II") (citing *Iwamoto v. Hironaga*, No. 30302, 2011 WL 3808780, at *4 (Haw. Ct. App. Aug. 30, 2011)).

Notably, Plaintiffs attached to their motion to remand a document from the Circuit Court of the Third Circuit of the State of Hawaii, the court from which this case was removed. ECF No. 13-4.  In *Jebo v. Sengsavath*, the state court held that "[a] non-judicial foreclosure that violates the power of sale is void and not merely voidable," and that, even if the sale is merely voidable, a subsequent purchaser is not a bona fide purchaser when "the Foreclosure Affidavit was properly recorded" and "the facts supporting [the defects in the foreclosure sale] appeared on the face of the Foreclosure Affidavit."  *Id.*, PageID #s 268, 274.  This document indicates that it is indeed possible that a state court could determine that Plaintiffs state a claim against the Count III Defendants.

This court grants Plaintiffs' motion to remand because PNC has not established that the Count III Defendants were fraudulently joined.[3]

## B. The Statute of Limitations Is in Dispute.

PNC also argues that the Torres were fraudulently joined in this action because the quiet title and ejectment claim against the Torres, filed on December 20, 2018, is time-barred. ECF No. 1, PageID # 7. PNC alleges that the Torres acquired the Schnute/Kuo Property from PNC on August 4, 2011, and that a quiet title and ejectment claim is subject to a six-year statute of limitations under section 657-1 of Hawaii Revised Statutes.[4] *See id.* Plaintiffs' position is that their

_____

[3] Plaintiffs also argue that the Magistrate Judge did not mention the common defense rule set forth in *Hunter v. Philip Morris USA*. ECF No. 29, PageID #s 596-99. Having granted Plaintiffs' motion to remand, the court need not address this argument.

[4] Section 657-1 of Hawaii Revised Statutes provides:

The following actions shall be commenced within six years next after the cause of action accrued, and not after:

(1) Actions for the recovery of any debt founded upon any contract, obligation, or liability, excepting such as are brought upon the judgment or decree of a court; excepting further that actions for the recovery of any debt founded upon any contract, obligation, or liability made pursuant to chapter 577A shall be governed by chapter 577A;

(2) Actions upon judgments or decrees rendered in any court not of record in the State, or, subject to section 657-9, in any court of record in any foreign jurisdiction;

claim against the Torres is not time-barred because a twenty-year statute of limitations under section 657-31 of Hawaii Revised Statutes[5] applies.  ECF No. 13-1, PageID #s 236-37.  The F&R did not reach this issue.

Unlike the bona fide purchaser defense, a statute of limitations defense may be addressed in the context of a fraudulent joinder analysis.  "[T]he statute of limitations defense is a permissible means by which to establish fraudulent joinder in order to remove an action on diversity grounds [because it] is a 'rather unique' defense that 'does not truly go to the merits of the plaintiff's claim in any sense.'" *Hunter*, 582 F.3d at 1045 (citation omitted).  It is "a kind of procedural bar, and not one which relates to the merits of the case."  *Id.*

But Hawaii law is not entirely clear as to whether a six-year or twenty-year statute of limitations applies to a quiet title and ejectment claim.  PNC relies on two cases from

———————————

(3) Actions for taking or detaining any goods or chattels, including actions in the nature of replevin; and

(4) Personal actions of any nature whatsoever not specifically covered by the laws of the State.

[5] Section 657-31 of Hawaii Revised Statutes provides: "No person shall commence an action to recover possession of any lands, or make any entry thereon, unless within twenty years after the right to bring the action first accrued."

this district to support its position that a six-year statute of limitations applies: *Moore v. Kailua Kona Properties, LLC*, Civ. No. 18-00159 LEK-KSC, 2018 WL 2172489, at *2 (D. Haw. May 10, 2018); and *Lynch II*, 2018 WL 3624969, at *6.  ECF No. 1, PageID # 8.  The same judge presided over both of these cases, and she later explained, "This Court, noting the lack of controlling authority, has predicted the Hawaii Supreme Court would hold that a six-year limitations periods applies to wrongful foreclosure claims . . . .  There is, however, no settled Hawaii law regarding the statute of limitations for a wrongful foreclosure claim." *Carpenter*, 2019 WL 2218983, at *8.  The predictions of federal district courts as to state law are insufficient to establish fraudulent joinder.

### C.  Attorneys' Fees and Costs Are Not Awarded.

Plaintiffs seek attorneys' fees and costs for PNC's removal.  ECF No. 13-1, PageID #s 248-49.  The F&R did not address Plaintiffs' request for attorneys' fees and costs because the Magistrate Judge concluded that removal was proper.  Plaintiffs did not explicitly mention fees and costs in their objections to the F&R.  Plaintiffs might be said to have abandoned their request for fees and costs, or, at the very least, to have failed to timely object to the implicit denial of that request.  This court treats the request as not actually before it.

20

This court notes that, under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.* "Removal is not objectively unreasonable 'solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted.'" *Grancare*, 889 F.3d at 552 (quoting *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008)).

PNC appears to have read cases from this district as supporting PNC's position that Plaintiffs failed to state a claim against the Count III Defendants. The problem for PNC has to do with the different standard on remand. Whether that justifies an award of fees and costs is questionable, given not only Plaintiffs' failure to press their request but also the absence of actual rulings on the issue by this court until recently.

## V.     CONCLUSION.

The court rejects the F&R.  Plaintiffs' motion to remand is granted because PNC has not established that the Count III Defendants were fraudulently joined.

This case is remanded to state court.  The Clerk of Court is directed to deliver a certified copy of this order to the Circuit Court of the Third Circuit of the State of Hawaii, located at Hale Kaulike, 777 Kilauea Avenue, Hilo, Hawaii 96720-4212.  The Clerk shall note the state case number of Civil No. 18-1-0243 in the transmittal.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 16, 2019.



/s/ Susan Oki Mollway

Susan Oki Mollway
United States District Judge

William C. Schnute, et al. v. PNC Bank, N.A., et al., Civ. No. 19-00022 SOM-WRP; ORDER REJECTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO DENY PLAINTIFFS' MOTION TO REMAND AND REMANDING ACTION TO STATE COURT.